UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORSTER MOORE,

    Petitioner,　　　　　　　　　　　Case No. 09-11422

v.

　　　　　　　　　　　　　　　　　　　Hon. John Corbett O'Meara

DIRECTOR OF THE BUREAU OF
IMMIGRATION AND CUSTOMS
ENFORCEMENT,

    Respondent.
_____/

**ORDER DISMISSING PETITION**
**FOR WRIT OF HABEAS CORPUS**

    Petitioner, Forster Moore, filed a pro se "Prisoner Civil Rights Complaint" on April 16, 2009, which the court has construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Moore challenges his detention by the Bureau of Immigration and Customs Enforcement. The government submitted a response on August 19, 2009. For the reasons set forth below, the petition is denied.

**BACKGROUND FACTS**

    Moore is a citizen and native of Ghana. He was admitted to this country as a visitor on a B-2 non-immigrant visa on June 7, 2003, at Chicago, Illinois. Moore overstayed his visa, which authorized him to stay until December 6, 2003. On February 6, 2004, he was served with a Notice to Appear, notifying him that he was subject to removal and requiring him to appear for removal proceedings before an immigration judge at Detroit, Michigan.

    At a hearing, Moore admitted that (1) he is not a citizen or national of the United States: (2) his is a native and citizen of Ghana; (3) he was admitted to the United States as a visitor with

authorization to stay until December 6, 2003; and (4) he remained in the United States beyond December 6, 2003, without authorization.  See Def.'s Ex. B.  The immigration judge sustained the charge of removability, but gave Moore the opportunity to pursue an application for asylum.

On July 7, 2005, the immigration judge denied Moore's application for asylum and his application for withholding of removal, primarily based upon Moore's utter lack of credibility.  See Def.'s Ex. B (oral decision of immigration judge).  The Board of Immigration Appeals affirmed the immigration judge's decision on February 9, 2007.  Moore did not pursue any further appeal.

On May 22, 2008, Moore was arrested and taken into custody by ICE Fugitive Operations officers.  Moore has refused to cooperate and comply with the removal order.  On May 23, 2008, he was served with a Form I-229(a), Warning for Failure to Depart, which provides that it is a crime to "willfully fail[] or refuse[] to make timely application in good faith for travel or other documents necessary to the alien's departure."  Def.'s Ex. G.  Moore refused to sign an acknowledgment that he received the form.  He was served with two more I-229(a) forms, on August 21, 2008, and October 24, 2008, which he also refused to sign.

On October 28, 2008, he was served with a Notice of Failure to Comply Pursuant to 8 C.F.R. § 241.4(g), which informed him that due to his failure to cooperate in obtaining a travel document, he would remain in custody until he demonstrated reasonable efforts to comply with his order of removal.  Def.'s Ex. J.  Moore was served with another Notice of Failure to Comply on January 28, 2009.  Def.'s Ex. K.  He was served with another I-229(a) and a Notice of Failure to Comply on May 22, 2009, and May 23, 2009.  Def.'s Ex. L.  On July 30, 2009, Moore was served with his fourth Notice of Failure to Comply.  Def.'s Ex. M.  Moore remains in detention

at the Wayne County Jail.

## LAW AND ANALYSIS

Moore challenges his detention, claiming that he is being detained "for no reason." To the contrary, Moore's detention is not unlawful. See 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General *shall* detain the alien."). Aliens who are subject to removal are detained pursuant to statute to assure "the alien's presence at the moment of removal." Zadvydas v. Davis, 533 U.S. 678, 699 (2001). Generally, the Attorney General has ninety days to accomplish removal. 8 U.S.C. § 1231(a)(1)(A). However, that period may be extended:

> The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

8 U.S.C. § 1231(a)(1)(C).

Moore is subject to a final order of removal, with which he has failed to cooperate. He has failed to assist in obtaining the necessary travel documents that are required for his removal. Accordingly, his removal period has been extended pursuant to § 1231(a)(1)(C). His detention is not, therefore, unlawful.[1]

---

[1] Moore has not specifically claimed that the length of his detention is unreasonable. A detention period of six months is presumptively reasonable, although a longer period may be appropriate. See Zadvydas, 533 U.S. at 701. In order to obtain habeas relief based upon the length of his detention, Moore must show that there "is no significant likelihood of removal in the reasonably foreseeable future." Id. Because his extended detention is the result of his own failure to cooperate, Moore has not made this showing. See Olajide v. BICE, 402 F. Supp.2d 688, 689, 694 (E.D. Va. 2005) ("[F]or like the orphan who sought sympathy after murdering his parents, petitioner cannot claim that his pre-removal detention is unreasonably long when he is the cause of the delay in his removal."); Pelich v. INS, 329 F.3d 1057, 1061 (9th Cir. 2003) ("We . . . join the existing chorus of courts and hold that an alien cannot assert a viable constitutional

Moore also claims that "I didn't know I'm American by birth" and otherwise attempts to challenge the removal order itself.  This court lacks jurisdiction to review an order of removal.  <u>See</u> 8 U.S.C. § 1252(a)(5).  Accordingly, the court will not consider Moore's claims in this regard.

## **ORDER**

IT IS HEREBY ORDERED that Moore's April 16, 2009 petition is DISMISSED.

                        s/John Corbett O'Meara
                        United States District Judge

Date:  September 1, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 1, 2009, by electronic and/or ordinary mail.

                        s/William Barkholz
                        Case Manager

---

claim when his indefinite detention is due to his failure to cooperate with the INS's efforts to remove him.").